**IN THE UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Florence Kocher | : | |
|      Plaintiff, | : | |
| | : | |
|      v. | : | Case No.: |
| | : | |
| Denis R. McDonough, Secretary of Veterans Affairs | : | |
| Department of Veterans Affairs, | : | |
|      Defendant. | : | |

**COMPLAINT**

Plaintiff, Florence Kocher, (hereinafter "Plaintiff), by her undersigned counsel, hereby files this complaint in her action against Defendant Denis R. McDonough, Secretary of Veterans Affairs, Department of Veterans Affairs (hereinafter "Defendant").  Plaintiff is alleging that she was subject to gender/sex discrimination and age discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e *et seq* (Title VII), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* (ADEA).

**PARTIES**

1. Plaintiff is a resident of Collingswood, New Jersey with an address of 310 W. Browning Rd., Collingswood, NJ 08107, and is a member of protected classes based on her gender (female) and her age (66 years old).

2. Defendant is an agency of the United States federal government with an address of 810 Vermont Avenue NW, Washington, DC 20420 and offices at 3900 Woodland Avenue, Philadelphia, PA 19104, where the events described below took place.

3. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

5. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

6. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts within this state and judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

7. This Court may exercise original subject-matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§1391(b)(1) and 1391(b)(2) because Defendant is located in and/ or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

10. Plaintiff exhausted her administrative remedies, as required under federal and state law.

11. Specifically, she filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 23, 2017 and April 24, 2018.

12. On or about July 1, 2022 the EEOC entered a Final Order from which Plaintiff appeals to this Honorable Court.

## FACTS

13. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

14. Since October 2013, Plaintiff, (born February 1956, female), has been employed with Defendant as a Patient Safety Manager in the Quality Management Department at Corporal Michael J. Crescenz VA Medical Center (VAMC Philadelphia).

15. During the time period in question, Bruce Boxer, a fifty-eight (58) year old male, (hereinafter "Mr. Boxer") was Plaintiff's second-line supervisor, a position he occupied until approximately July 13, 2018.

16. During his tenure with Defendant, Mr. Boxer:
    a. assigned Plaintiff special projects with unrealistic goals and standards;
    b. falsely accusing Plaintiff of not performing or completing her various work assignments;
    c. frequently yelled at Plaintiff without cause;

d.  consistently and continually raised Plaintiff's Equal Employment Opportunity, Administrative Investigation Board, and Office of Risk Management matters in which Plaintiff was involved against Defendant;

17. On January 3, 2017, Mr. Boxer falsely accused Plaintiff of approving a proof when the media department printed 750 flyers in error.

18. Mr. Boxer criticized Plaintiff's conduct based on the findings of a recent (March 2017) Administrative Investigation Board matter (about which he had no direct knowledge) that was on appeal to the Office of Special Counsel because Plaintiff adamantly denied the findings.

19. In or about July 2017 Mr. Boxer nearly struck Plaintiff's hand with a pen.

20. In or about November 2017 Mr. Boxer falsely accused Plaintiff of not participating in a national conference call for an assigned project and required her to only communicate through him on the project.

21. Despite Mr. Boxer assigning Plaintiff a national project, he refused to allow her to attain the necessary education for the same.

22. On December 28, 2017, Mr. Boxer falsely accused Plaintiff of not completing her assigned work; specifically, of failing to furnish him blueprints of Defendant's entire facility, which he had never requested from her.

23. On or about February 6, 2018, Plaintiff was issued a Performance Improvement Plan by Defendant which was later rescinded because it was grieved by Plaintiff's union (the American Federation of Government Employees) as it was a breach of the union's Master Agreement with Defendant.

24. On February 23, 2018, Mr. Boxer sent a note to Plaintiff wanting to meet to discuss their issues, but refused to schedule a meeting when Plaintiff wanted to have a union representative attend as well.

25. On March 15, 2018, Mr. Boxer scheduled a meeting time titled "Behavior" on Plaintiff's Outlook calendar which was visible to all other employees with Defendant, instead of scheduling it privately.

26. On March 15, 2018, Plaintiff was issued a proposed suspension by Mr. Boxer and/or Tracey Schoen which was not sustained on April 19, 2018.

27. In April 2018 Mr. Boxer, via email, accused Plaintiff of colluding with another older female employee against other employees of Defendant.

28. On July 11, 2018, Mr. Boxer gave Plaintiff her October 2016–2017 performance evaluation and competency assessment, which was a year late.

29. Subsequently, Mr. Boxer issued Plaintiff a lowered Proficiency Report rating of "full satisfactory" (as opposed to "outstanding") without cause, reason, or justification.

30. On an unspecified date in July 2018, Mr. Boxer rated Plaintiff "unsatisfactory" in her performance evaluation.

31. On July 24, 2018, Plaintiff was placed on a second Performance Improvement Plan by Mr. Boxer which was revised on August 10, 2018.

32. On July 24, 2018 Plaintiff was denied union representation during the issuance of the Performance Improvement Plan.

33. As Plaintiff was denied personal union representation, the union itself grieved the July 24, 2018 Performance Improvement Plan and it was rescinded.

34. Subsequent to the second Performance Improvement Plan being rescinded, Brian Gainsley issued Plaintiff a so-called "Counseling Note," despite the fact that neither Defendant nor the Union has procedures that allow such a document.

35. Mr. Boxer informed Plaintiff he would like to engage in a sort of weekly "marriage counseling" with her, which was offensive to Plaintiff and clearly directed at her due to her gender.

36. Mr. Boxer provided information to Daniel Hendee, director of Corporal Michael J. Crescenz VA Medical Center, which led to Plaintiff being formally reprimanded; however Plaintiff maintains that she did not engage in the behavior for which she was reprimanded.

37. In March or April 2018, Mr. Hendee did no independent investigation into the underlying issues for the reprimand, and issued it after Plaintiff filed a formal discrimination complaint for retaliation, age, and/or gender.

38. After plaintiff was called to jury duty, Mr. Boxer repeatedly screamed at her and gave her extra work and assigned her work that was supposed to be done by her co-worker, Peter Leporati.

39. Mr. Boxer's constant screaming at Plaintiff caused her in part, to suffer a major medical event.  Mr. Boxer screamed at female employees, however Plaintiff has no knowledge of Mr. Boxer similarly screaming at male employees.

40. Throughout all of the times material herein, Mr. Leporati would call Plaintiff his "work wife" in the presence of Mr. Boxer over her objections to the same.

41. Men and/or younger women in the department – such as Mr. Leporati - were consistently treated better and/or more favorably than Plaintiff.

**COUNT I**
**GENDER DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

42. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

43. Title VII of the Civil Rights Act of 1964 (as amended) makes it an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…" 42 U.S.C. § 2000e-2(a)

44. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

45. As a direct and proximate result of the foregoing violations of Title VII of the Civil Rights Act of 1964, as Amended, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Defendant.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II**
**AGE DISCRIMINATION - ADEA**

46. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

47. The ADEA makes it unlawful for employers and their agents "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

48. The foregoing conduct by Plaintiff constitutes unlawful discrimination against Plaintiff on the basis of her age (66 years old).

49. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Defendant.

**COUNT III – RETALIATION**

50. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

51. Retaliation for EEO activity is specifically prohibited under 42 USCA § 2000e-3 and 29 U.S.C. § 623(d).

52. Plaintiff engaged in protected activity when she submitted formal EEO Complaints alleging continuing discrimination on the basis of age, race and prior EEO activity.

53. Defendant took adverse employment actions against Plaintiff.

54. A causal connection exists between Plaintiff's participation in the protected activity and the adverse employment actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages (where applicable);

(c)    Liquidated damages (where applicable);\

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    Issue a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with Defendant, from engaging in, ratifying, or refusing to correct, employment practices which discriminate, in violation of the Title VII.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Award extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.


Respectfully submitted,



BY:_____/S/_____
LAW OFFICE OF FAYE RIVA COHEN, P. C.
FAYE RIVA COHEN, ESQUIRE
Attorney ID: 18839
2047 Locust Street
Philadelphia, PA 19103
(215) 563-7776
Attorney for Plaintiff



Date:   September 26, 2022

## VERIFICATION

I, Florence Kocher, hereby verify that I am the Plaintiff in the within Complaint and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements are made to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Florence Kocher
Plaintiff

Date: 9-26-2022